Higgs v Williams (2019 NY Slip Op 08956)





Higgs v Williams


2019 NY Slip Op 08956


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10576N 20880/13E

[*1] Anthony Higgs, Plaintiff-Appellant,
v
Desmond Williams, et al., Defendants, 44th Enterprises Corp., etc., et al., Defendants-Respondents.


Zimmerman Law, P.C., Huntington Station (Gary R. Novins of counsel), for appellant.
Callahan & Fusco, LLC, New York (Ryan D. Lang of counsel), for respondents.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered February 8, 2018, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to vacate an order entered on default granting defendant 44th Enterprises Corp.'s motion for discovery sanctions to the extent of precluding plaintiff from testifying at trial or submitting an affidavit in opposition to any motion for summary judgment, unanimously affirmed, without costs.
Plaintiff failed to demonstrate a reasonable excuse for his default (CPLR 5015[a][1]; see Bobet v Rockefeller Ctr., N., Inc., 78 AD3d 475 [1st Dept 2010]). His explanation that he changed his cell phone number several times and that his attorney's paralegal did not locate another contact — in other words, plaintiff's "failure to maintain contact with his attorney and to keep himself apprised of the progress of his lawsuit" — is not reasonable (Sheikh v New York City Tr. Auth., 258 AD2d 347, 348 [1st Dept 1999]). Plaintiff's assertion that he was available to appear for deposition "throughout the entire course of the litigation" is inconsistent with his statement that his attorney evidently had no way of contacting him. Moreover, toffice failure.
Because plaintiff failed to proffer a reasonable excuse for his default, we need not determine whether he demonstrated a meritorious cause of action (see Matter of Christina McK. v Kyle S., 154 AD3d 548 [1st Dept 2017]).
Plaintiff's alternative argument that vacatur is warranted pursuant to CPLR 5015(a)(3) because defendant made misrepresentations in support of the motion to preclude is unsupported by the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK